IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMIAH MATAU,<br><br>Defendant. | Case No. 16-cr-00744-DKW-6<br>Case No. 18-cr-00079-RLP-1<br><br>**ORDER DENYING DEFENDANT JEREMIAH MATAU'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. SECTION 3582(C)(2), AMENDMENT 821** |

Defendant Jeremiah Matau moves, without counsel, for a reduction of his term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. Dkt. No. 1070. According to Matau, Amendment 821 results in a reduction of his criminal history category (from III to II), which, in turn, results in a reduction of his sentencing range (from 262-327 months imprisonment to 135-168 months imprisonment), warranting a reduction in his current 170-month sentence.

While Matau is correct that Amendment 821 results in a reduction in his applicable criminal history category, he is mistaken on many other levels. First, contrary to his calculations, even with the change in criminal history category, Matau's sentencing range would not be reduced to 135-168 months imprisonment. Instead, with a new criminal history category of II and an unchanged offense level of 37, his sentencing range is 235-293 months imprisonment—*well above* his

current 170-month sentence.   Second, as the government points out in response, Dkt. No. 1072 at 4, with the above-stated amended sentencing range, the U.S. Sentencing Commission's policy statement at U.S.S.G Section 1B1.10(b)(2) *prohibits* this Court from reducing Matau's current 170-month sentence any further pursuant to Section 3582(c)(2).   Therefore, for the reasons more fully stated below, the motion, Dkt. No. 1070, is DENIED.

## DISCUSSION

Section 3582(c)(2) permits a court to reduce a term of imprisonment if, *inter alia*, it was based on a sentencing range subsequently lowered by the Sentencing Commission and is consistent with "applicable policy statements issued by the Sentencing Commission."[1]   Amendment 821, which became effective on November 1, 2023, among other things, eliminated, for certain offenders, criminal history points assigned for the commission of an offense while under supervised release.   *Compare* U.S.S.G. § 4A1.1(e) (2023), *with* U.S.S.G. § 4A1.1(d) (2015).

Here, Matau pled guilty to conspiring to distribute and to possess with the intent to distribute 50 grams or more of methamphetamine.   Dkt. Nos. 830-831.

---

[1] Section 3582(c)(2) also directs a sentencing court to consider "the factors set forth in section 3553(a) to the extent that they are applicable…."   Here, because Matau is not entitled to a sentence reduction on other grounds, it is unnecessary for the Court to consider the Section 3553(a) factors.

2

In the presentence investigation report (PSR), which was adopted without change at sentencing, Matau received two criminal history points for committing the above-described offense while on supervised release for an earlier offense, pursuant to the then-applicable version of Section 4A1.1(d).  Dkt. No. 858 at ¶ 64; Dkt. No. 879 at 1.  Those two points, combined with three points for a different prior offense, resulted in a total of five points and a total criminal history category of III.  Dkt. No. 858 at ¶¶ 62-63, 65.  Along with a total offense level of 37,[2] Matau's guideline imprisonment range was 262-327 months.  Dkt. No. 858 at ¶¶ 54, 106.  At sentencing, Matau did not receive a sentence in that range.  Instead, largely due to the Court's desire to avoid unwarranted sentencing disparities between similar defendants—specifically, co-defendants in this very case—the Court varied substantially downward in sentencing Matau to 170 months imprisonment.  Dkt. No. 898 at 46:19-49:4.

In the motion, Matau now contends that his sentence should be even lower.  Except in one, non-determinative, instance, he is mistaken.  Starting with the exception, Matau is correct, and the government acknowledges, Dkt. No. 1072 at 3, that application of Amendment 821 to this case results in a change in Matau's

---

[2]In his present motion, Matau mistakenly asserts that he received a total offense level of 36. Dkt. No. 1070 at 2.  He did not.  The total offense level was and remains 37.  Dkt. No. 858 at ¶ 54.

3

criminal history category because the amendment reduces his criminal history score from five to three points.  U.S.S.G. Ch. 5, Part A.  Beyond this point of agreement, however, Matau errs in several ways and miscalculates his amended sentencing range.  As noted, Matau incorrectly asserts that his base offense level is 36.  It   is 37.  With a new criminal history category of II, this results in an amended guideline imprisonment range of 235-293 months.  Thus, contrary to Matau's suggestion, Dkt. No. 1070 at 2, his amended range is *well above* his current sentence, not below it.[3]  Next, as the government explains, the policy statement at Section 1B1.10(b)(2) provides that, except in one instance not applicable here,[4] a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C.     § 3582(c)(2) and this policy statement to a term that is *less than the minimum of the amended guideline range*…."  U.S.S.G. § 1B1.10(b)(2)(A) (emphasis added).  As just calculated, the *minimum* of Matau's amended guideline range is 235 months imprisonment.  Therefore, the Court could not reduce his current 170-month sentence any lower, to say 169 months, without going lower than 235 months and violating the express prohibition of

---

[3]Even by his own decision points—an incorrect total offense level of 36 and a criminal history category of II—Matau's guideline imprisonment range would be 210-262 months—still well above his current sentence—not 135-168 months, as he suggests.  It is unclear where Matau's posited 135-168 month range comes from.

[4]The exception concerns those defendants for whom the government filed a motion for substantial assistance.  U.S.S.G. § 1B1.10(b)(2)(B).  No such motion was filed in this case.

Section 1B1.10(b)(2)(A).  For these reasons, the motion, Dkt. No. 1070, is DENIED.  *See* 18 U.S.C. § 3582(c)(2) (providing that a sentence reduction must be "consistent" with applicable policy statements).

IT IS SO ORDERED.

DATED: September 30, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*United States v. Matau,* Case No. 16-cr-00744-DKW-6 & Case No. 18-cr-00079-RLP-1; **ORDER DENYING DEFENDANT JEREMIAH MATAU'S MOTION FOR SENTENCE REDUCTION, DKT. NO. 1070 & DKT. NO. 54.**